NO. 16-60118

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS, *et al.*,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
and GINA McCARTHY, Administrator,
United States Environmental Protection Agency,

*Respondents*.

# SIERRA CLUB AND NATIONAL PARKS CONSERVATION ASSOCIATION'S RESPONSE IN SUPPORT OF EPA'S MOTION TO DISMISS OR TRANSFER

Mary Whittle
Earthjustice
3904 Bonnell Drive
Austin, TX 78731
(512) 537-2791 (phone)
mwhittle@earthjustice.org

Matthew Gerhart
Earthjustice
633 17th St, Suite 1600
Denver, CO 80202
(303) 996-9612 (phone)
(303) 623-8083 (facsimile)
mgerhart@earthjustice.org

*Counsel for Sierra Club and National
Parks Conservation Association*

Joshua D. Smith
Sierra Club
85 Second Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5560 (phone)
(415) 977-5793 (facsimile)
joshua.smith@sierraclub.org

Elena Saxonhouse
Sierra Club
85 Second Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5765 (phone)
(415) 977-5793 (facsimile)
elena.saxonhouse@sierraclub.org

*Counsel for Sierra Club*

Intervenor-Respondents Sierra Club and National Parks Conservation Association ("NPCA") respectfully submit this response in support of EPA's Motion to Dismiss Or, In the Alternative, Transfer to the D.C. Circuit (Doc. 00513434396). The same petitioners filed challenges to the same agency action, 81 Fed. Reg. 296 (Jan. 5, 2016), in the Fifth Circuit, the Tenth Circuit, and the D.C. Circuit.[1] The plain text of the Clean Air Act and its legislative history make clear that venue is proper only in the D.C. Circuit Court of Appeals.

The Tenth Circuit Court of Appeals recently issued an Order regarding the petitions for review of the rule filed there, stating that the Court's "review has revealed a potential defect in this court's appellate jurisdiction," and ordering petitioners to file a joint brief addressing the Court's jurisdiction. Order at 2-3, *Luminant Gen. Co., LLC v. EPA*, No. 16-9508 (10th Cir. Mar. 18, 2016), Attached as Exhibit A. The Tenth Circuit has suspended all briefing on the merits pending resolution of the Court's jurisdiction. *Id.* at 3. The Tenth Circuit's Order quotes the judicial review provision of the Clean Air Act that provides that a petition for

---

[1] *Luminant Generation Company LLC, et al., v. EPA, et al.,* No. 16-9508 (10th Cir. filed Mar. 2, 2016)*; Utility Air Regulatory Group v. EPA,* No. 16-9509 (10th Cir. filed Mar. 2, 2016)*; Coleto Creek Power, LP v. EPA, et al.*, No. 16-9511 (10th Cir. filed Mar. 4, 2016); and *NRG Texas Power LLC v. EPA, et al.*, No. 16-9512 (10th Cir. filed Mar. 4, 2016); *State of Texas, et al., v. EPA, et al.,* No. 16-1078 (D.C. Cir. filed Mar. 4, 2016) (consolidated with *Luminant Generation Company LLC, et al., v. EPA, et al.,* No. 16-1083 (D.C. Cir. filed Mar. 4, 2016); *Utility Air Regulatory Group v. EPA*, No. 16-1084 (D.C. Cir. filed Mar. 4, 2016); *Southwestern Public Service Company v. EPA, et al.*, No. 16-1085 (D.C. Cir. filed Mar. 4, 2016); *Coleto Creek Power, LP v. EPA, et al.*, No. 16-1086 (D.C. Cir. filed Mar. 4, 2016); *NRG Texas Power LLC v. EPA, et al.*, No. 16-1087 (D.C. Cir. filed Mar. 4, 2016); and *Nucor Corporation v. EPA, et al.*, No. 16-1091 (D.C. Cir. filed Mar. 7, 2016)).

review may be filed only in the D.C. Circuit if EPA finds and publishes that the rule is based on a determination of nationwide scope or effect. *Id.* at 2-3 (quoting 42 U.S.C. § 7607(b)(1)). The Court then quotes the preamble to the final rule in which EPA finds and publishes its determination that the rule "is based on a determination of nationwide scope or effect." *Id.* at 3 (quoting 81 Fed. Reg. 296, 346 (Jan. 5, 2016)).

The Tenth Circuit has identified a defect which applies equally to the proceedings in this Court. Under the Act, a petition may be filed only in the D.C. Circuit if EPA's rule "is based on a determination of nationwide scope or effect and if in taking such action the Administrator finds and publishes that such action is based on such a determination." 42 U.S.C. § 7607(b)(1). There are no exceptions to this requirement. *See id.* In particular, the location of the facilities regulated by the rule is not a factor Congress made relevant to venue under this provision. Thus, the fact that this rule sets standards for facilities only in Texas does not change the conclusion that venue is proper only in the D.C. Circuit.

As this Court recognized recently: "where a regulation applies locally or regionally, we must also ask whether EPA has made and published a finding that the regulation is based on a determination of nationwide scope and effect." *Texas v. EPA*, No. 10-60961, 2011 WL 710598, at *3 (5th Cir. Feb. 24, 2011). Here, EPA found and published that the rule "is based on a determination of nationwide

2

scope or effect." 81 Fed. Reg. at 346. Therefore, venue is proper only in the D.C. Circuit. Venue in the D.C. Circuit is compelled by the "ordinary meaning of the statute's text," and "is also consistent with the legislative history of the Clean Air Act." *Texas*, 2011 WL 710598, at *3-4; *see also Alcoa, Inc. v. EPA*, No. 04- 1189, 2004 WL 2713116, at *1 (D.C. Cir. Nov. 24, 2004) (per curiam) (denying motion to transfer petition to the United States Court of Appeals for the Seventh Circuit under section 307(b)(1) because "the Administrator has unambiguously determined that the final action . . . has nationwide scope and effect").

The Clean Air Act "evinces a clear congressional intent to 'centralize review of national SIP issues in the D.C. Circuit.' In other words, Congress intended the D.C. Circuit to review 'matters on which national uniformity is desirable.'" *Texas*, 2011 WL 710598, at *4 (quoting another source) (internal quotation marks omitted). The challenged rule clarifies certain requirements of the Regional Haze Rule that apply to all states. 81 Fed. Reg. at 346. This is precisely the kind of "national SIP issue[]" for "which national uniformity is desirable." *Texas*, 2011 WL 710598, at *4 (quoting another source). Moreover, EPA has routinely made determinations of nationwide scope and effect where, as here, a final rulemaking applies to states in more than one judicial circuit. *See*, e.g., 79 Fed. Reg. 29,362 (May 22, 2014) (determining that SIP approval was a rule of "nationwide scope and effect" because it involved Florida and North Carolina, which reside in

3

separate judicial circuits). Because EPA's rule clarifies Clean Air Act requirements that apply nationally and also applies to states in different judicial circuits, Congress intended that this type of case be filed only in the D.C. Circuit Court of Appeals.

For the foregoing reasons, the Sierra Club and NPCA respectfully request that the Court grant EPA's motion and dismiss all the petitions for review in the consolidated proceeding before the Fifth Circuit. In the alternative, the Court should grant EPA's motion to transfer all of the petitions in the consolidated proceeding to the D.C. Circuit Court of Appeals.

Dated: March 31, 2016          Respectfully submitted,

<u>*s/ Mary Whittle*</u>
Mary Whittle
Earthjustice
3904 Bonnell Drive
Austin, TX 78731
512.537.2791 (phone)
mwhittle@earthjustice.org

*Counsel for Sierra Club and National Parks Conservation Association*

# CERTIFICATE OF SERVICE

On this 31st day of March, 2016 a true and correct copy of the foregoing **Sierra Club And National Parks Conservation Association's Response in Support of EPA's Motion to Dismiss or Transfer** was filed with the electronic case filing (ECF) system of the U.S. Court of Appeals for the Fifth Circuit, which will provide electronic notice to counsel of record. In addition, a copy was sent via U.S. mail to the two addresses below.

                                                                                *s/ Mary Whittle*
                                                                                Mary Whittle

Ann M. Seha
Xcel Energy Services, Incorporated
5th Floor
414 Nicollet Mall
Minneapolis, MN 5540-11993

Brenda Mallory
Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
William Jefferson Clinton Building
Washington, DC 20460

## CERTIFICATIONS UNDER ECF FILING STANDARDS

Pursuant to paragraph A(6) of this Court's ECF Filing Standards, I hereby certify that (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R.25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

Dated:   March 31, 2016        *s/ Mary Whittle*
                                Mary Whittle

# Exhibit A

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

| | |
|---|---|
| LUMINANT GENERATION COMPANY LLC, et al.,<br><br>   Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>   Respondents. | No. 16-9508 |

_____

| | |
|---|---|
| UTILITY AIR REGULATORY GROUP,<br><br>   Petitioner,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>   Respondents. | No. 16-9509 |

_____

| | |
|---|---|
| COLETO CREEK POWER, LP,<br><br>   Petitioner,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>   Respondents. | No. 16-9511 |

_____

NRG TEXAS POWER, LLC,

    Petitioner,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

    Respondent.

No. 16-9512

_____

**ORDER**
_____

These matters are before the court on the *Joint Motion to Consolidate Petitions and to Hold Consolidated Cases in Abeyance*. Upon consideration, the motion will be taken under advisement pending resolution of the jurisdictional issue noted below.

These matters are before the court *sua sponte* following a review of the docketing statements and the final agency rule that is the subject of the petitions for review. That review has revealed a potential defect in this court's appellate jurisdiction. Accordingly, the court is considering these matters for summary disposition. 10th Cir. 27.3(B).

These petitions seek review of a U.S. Environmental Protection Agency's Clean Air Act final rule published on January 5, 2016. The January 5, 2016 final rule partially disapproves the Texas State Implementation Plan (SIP) and Oklahoma SIP and promulgates a Federal Implementation Plan (FIP). The Clean Air Act's judicial review provision provides in relevant part that:

> [A] petition for review of [the Administrator's action in approving or promulgating any implementation plan under section 7410] may be filed

2

*only* in the United States Court of Appeals for the District of Columbia if such action is based on a determination of nationwide scope or effect and if in taking such action the Administrator finds and publishes that such action is based on such a determination.

42 U.S.C. § 7607(b)(1) (emphasis added).

The final rule at issue expressly states:

> [A] final agency action that is locally or regionally applicable, such as a FIP, is appealable only in the D.C. Circuit Court if two conditions are met: (1) The action is based on a determination of nationwide scope or effect, and (2) we find and publish our determination. Both conditions are met here.

81 Fed. Reg. 296 at 346 (Jan. 5, 2016).

**Within 14 days** from the date of this order, Petitioners in all four matters shall file a joint memorandum brief addressing any basis in law for this court's exercise of appellate jurisdiction over these petitions for review.

Briefing on the merits is SUSPENDED pending further order of the court. 10th Cir. R. 27.3(C).

Petitioners' response(s) to the motion to intervene remain due March 21, 2016.

>                Entered for the Court
>                ELISABETH A. SHUMAKER, Clerk
>
>                by: Lindy Lucero Schaible
>                    Counsel to the Clerk

3