NO. 16-60118

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS, *et al.*,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
and GINA McCARTHY, Administrator,
United States Environmental Protection Agency,

*Respondents*.

**SIERRA CLUB AND NATIONAL PARKS CONSERVATION ASSOCIATION'S REPLY IN SUPPORT OF EPA'S MOTION TO DISMISS OR TRANSFER**

| | |
|---|---|
| Mary Whittle<br>Earthjustice<br>3904 Bonnell Drive<br>Austin, TX 78731<br>(512) 537-2791 (phone)<br>mwhittle@earthjustice.org | Joshua D. Smith<br>Sierra Club<br>85 Second Street, 2nd Floor<br>San Francisco, CA 94105<br>(415) 977-5765 (phone)<br>joshua.smith@sierraclub.org |
| Matthew Gerhart<br>Earthjustice<br>633 17th St, Suite 1600<br>Denver, CO 80202<br>(303) 996-9612 (phone)<br>mgerhart@earthjustice.org | Elena Saxonhouse<br>Sierra Club<br>85 Second Street, 2nd Floor<br>San Francisco, CA 94105<br>(415) 977-5560 (phone)<br>elena.saxonhouse@sierraclub.org |
| *Counsel for Sierra Club and National Parks Conservation Association* | *Counsel for Sierra Club* |

## TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................... i

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ................................................................................................ 1

ARGUMENT ........................................................................................................ 2

I.   PETITIONERS' INTERPRETATION OF THE CLEAN AIR ACT IS INCONSISTENT WITH THE STATUTE. ................................................... 2

II.  PETITIONERS MISCHARACTERIZE EPA'S DETERMINATION OF NATIONWIDE SCOPE OR EFFECT. ....................................................... 4

III. THIS COURT SHOULD NOT DECIDE THE STAY MOTIONS. ................ 9

CONCLUSION .................................................................................................... 10

CERTIFICATE OF SERVICE

CERTIFICATIONS UNDER ECF FILING STANDARDS

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**                                                                  Page(s)

*American Road & Transportation Builders Association v. EPA*,
   705 F.3d 453 (D.C. Cir. 2013)..................................................................8, 9

*City of Gallup v. FERC*,
   702 F.2d 1116 (D.C. Cir. 1983)...................................................................10 n.5

*Dalton Trucking, Inc. v. EPA*,
   808 F.3d 875 (D.C. Cir. 2015).....................................................................4

*Dayton Power & Light Co. v. EPA*,
   520 F.2d 703 (6th Cir. 1975) ....................................................................9, 10

*Monongahela Power Co. v. Reilly*,
   980 F.2d 272 (4th Cir. 1993) ....................................................................1 n.1

*New York v. EPA*,
   133 F.3d 987 (7th Cir. 1998) ....................................................................7

*Tex. Mun. Power Agency v. EPA*,
   89 F.3d 858 (D.C. Cir. 1996)....................................................................3

**Statutes**

42 U.S.C. § 7607(b)(1).................................................................................2, 4

**Rules and Regulations**

40 C.F.R. § 51.308(f) ..................................................................................5 n.2

78 Fed. Reg. 59,825 (Sept. 30, 2013) .........................................................6–7 n.3

78 Fed. Reg. 8478 ......................................................................................6 n.3

79 Fed. Reg. 46,256 (Aug. 7, 2014)...........................................................5–6

79 Fed. Reg. 74,818 (Dec. 16, 2014) .........................................................4, 5 n.2, 10

80 Fed. Reg. 7336 (Feb. 10, 2015) .............................................................6

81 Fed. Reg. 296 (Jan. 5, 2016) ............................................................ 4–5 & n.2, 9, 10

**Other Authorities**

H.R. Rep. No. 95-294 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1077,
    1977 WL 16034 ....................................................................................3, 7 n.4

# INTRODUCTION

Despite the Clean Air Act's unambiguous judicial review provisions, the Industry and State Petitioners filed challenges to the same rule in three different circuit courts—this Court, the Tenth Circuit, and the D.C. Circuit. Petitioners advance several arguments in an attempt to avoid the plain language of EPA's final rule and the Clean Air Act's judicial review provisions. First, Petitioners portray as settled law an interpretation of the Clean Air Act that is contrary to the plain language of the statute and its legislative history, and supported only by dicta in a twenty-year old footnote. Second, Petitioners mischaracterize the history of the regional haze program, EPA's finding of nationwide scope and effect, and other factually distinguishable EPA actions, in which the agency reasonably declined to issue a determination of nationwide scope and effect. Third, despite filing in the wrong forum, Petitioners now ask this Court to ignore the plain language of the Clean Air Act and Respondents' jurisdictional[1] objections and resolve the merits of their motion to stay the effective date of the rule under 28 U.S.C. § 2112. None of these arguments has merit.

---

[1] Petitioners suggest that 42 U.S.C. § 7607(b)(1) relates "only to *venue*," and that there is "no precedent" for treating it as jurisdictional in nature. Pet'rs' Opp'n at 8–9 (emphasis in original). However, other Courts have held that § 7607(b)(1) is jurisdictional in nature. *See Monongahela Power Co. v. Reilly,* 980 F.2d 272, 275 (4th Cir. 1993). Regardless of whether Section 7607(b)(1) relates to jurisdiction or venue, neither EPA nor the Conservation Groups have waived the issue, and this Court should dismiss or transfer these cases.

# ARGUMENT

I. **PETITIONERS' INTERPRETATION OF THE CLEAN AIR ACT IS INCONSISTENT WITH THE STATUTE.**

Petitioners argue that the Clean Air Act requires "a finding *by the court* that the rule is in fact based on a determination that is of nationwide scope or effect." Pet'rs' Opp'n at 9 (emphasis in original; quotation marks omitted). But the statute provides that "a petition for review of any action [that is locally or regionally applicable] may be filed only in the United States Court of Appeals for the District of Columbia if such action is based on a determination of nationwide scope or effect and if in taking such action the Administrator finds and publishes that such action is based on such a determination." 42 U.S.C. § 7607(b)(1).

The statute does not require "a finding *by the court*," Pet'rs' Opp'n at 9 (emphasis in the original), that the rule is based on a determination of nationwide scope or effect. Indeed, it requires no finding by a court at all. A challenge may be filed only in the D.C. Circuit when (1) the rule "is based on a determination of nationwide scope or effect" and (2) "in taking such action *the Administrator* finds and publishes that such action is based on such a determination." 42 U.S.C. § 7607(b)(1) (emphasis added). Both prongs of that test have been met here.

Even if the statutory language governing the review of rules of nationwide scope and effect could be characterized as ambiguous, the Act's legislative history makes clear that "if any action of the Administrator is *found by him* to be based on

2

a determination of nationwide scope or effect (including a determination which has scope or effect beyond a single judicial circuit), then exclusive venue for review is in the U.S. Court of Appeals for the District of Columbia." *See* H.R. Rep. No. 95-294, at 324 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1077, 1403, 1977 WL 16034, at *324.

The only language Petitioners cite in support of their interpretation of section 7607(b)(1) comes from dicta in a twenty-year-old footnote—dicta which was not supported by any reasoning and which appears not to have been cited or adopted by any subsequent case. *See* Pet'rs' Opp'n at 9 (quoting *Tex. Mun. Power Agency v. EPA*, 89 F.3d 858, 867 n.6 (D.C. Cir. 1996). Moreover, Petitioners omit the remainder of the dicta they quote, which makes clear that the Court was "not prepared to address," and therefore did not decide, what is required for "an otherwise local action to be treated as national if it has nationwide scope and effect." *Tex. Mun. Power Agency*, 89 F.3d at 867 n.6. In sum, Petitioners' assertion that 42 U.S.C. § 7607(b)(1) requires a finding by the court in order for venue to be proper in the D.C. Circuit is inconsistent with the plain language of the Act and its legislative history, and finds no support in the case law.

## II. PETITIONERS MISCHARACTERIZE EPA'S DETERMINATION OF NATIONWIDE SCOPE OR EFFECT.

The Clean Air Act gives EPA the option to find and publish, as it did here, that a regionally applicable rule may nevertheless be filed only in the D.C. Circuit Court of Appeals because it is based on a determination of nationwide scope or effect. *See* 42 U.S.C. § 7607(b)(1). The Clean Air Act sorts EPA actions into three types:

> • "nationally applicable" regulations, which "may be filed only in the United States Court of Appeals for the District of Columbia." *Id*.
>
> • "locally or regionally applicable" actions, which "may be filed only in the United States Court of Appeals for the appropriate circuit." *Id*.
>
> • "locally or regionally applicable" actions, which "may be filed only in the United States Court of Appeals for the District of Columbia if such action is based on a determination of nationwide scope or effect and if in taking such action [EPA] finds and publishes that such action is based on such a determination."

*Id.*; *see also Dalton Trucking, Inc. v. EPA*, 808 F.3d 875, 879–80 (D.C. Cir. 2015). The rule Petitioners challenge falls into the third category, and thus petitions for review of the rule "may be filed only in the United States Court of Appeals for the District of Columbia." 42 U.S.C. § 7607(b)(1).

EPA has—in the proposed rule, the final rule, and the response to comments accompanying the final rule—repeatedly and consistently provided two reasonable explanations for concluding that the rule is based on a determination of nationwide scope or effect. 79 Fed. Reg. 74,818, 74,888 (Dec. 16, 2014); 81 Fed. Reg. 296,

4

349 (Jan. 5, 2016). First, EPA provided a "clarified" interpretation of its regulations regarding the Regional Haze Rule's interstate consultation requirements, which will guide the development of all future state and federal regional haze plans. 81 Fed. Reg. at 349.[2] Second, EPA explained that a determination of nationwide scope and effect is appropriate where, as here, a regionally applicable action "encompasses two or more judicial circuits." *Id.* at 346.

Petitioners erroneously contend that EPA's finding of nationwide scope and effect is unprecedented. *See* Pet'rs' Opp'n at 14. As an initial matter, Petitioners' reference to the "40-year history of the [Clean Air Act]'s visibility program," *id.*, is misleading, given that states did not begin to submit the first round of regional haze plans until 2008, and EPA has not even taken final action on the first plans for certain states, such as Arkansas and Louisiana. Further, far from being unprecedented, EPA's action is consistent with other actions where EPA has found and published that a rule is based on a determination of nationwide scope and effect. *See, e.g.*, 79 Fed. Reg. 46,256, 46,265 (Aug. 7, 2014) ("EPA determines

---

[2] Petitioners suggest that there "*could not be* any scope or effect" beyond Texas and Oklahoma because EPA has "already acted on all of the states' regional haze SIPs for the first planning period." Pet. Br. at 14 (emphasis added). However, EPA has not yet taken final action on regional haze plans for Arkansas and Louisiana. Moreover, EPA's clarified interpretation of the Regional Haze Rule's interstate consultation requirements will apply not only to regional haze SIPs for the first planning period (which were due in 2007), but also to all subsequent regional haze state implementation plans (the next of which are due in 2018). *See* 40 C.F.R. § 51.308(f); 79 Fed. Reg. at 74,888; 81 Fed. Reg. at 345–46.

and finds that this is . . . a final action of nationwide scope or effect for purposes of section 307(b)(1) of the Act."); 80 Fed. Reg. 7336, 7340 (Feb. 10, 2015) ("[T]he rule . . . is based on a determination of nationwide scope or effect.").

Petitioners make much of the fact that courts outside the D.C. Circuit have reviewed regional haze plans involving two states, located in two different federal circuits. *See* Pet'rs' Opp'n at 4–5. But EPA does not argue that every SIP governing states in multiple circuits must be reviewed in the D.C. Circuit. And nothing in the Clean Air Act precludes EPA from basing one state implementation plan on a determination of nationwide scope or effect but handling another state plan differently, where the two plans are materially different. Instead, the specific factual circumstances and legal issues of each implementation plan govern whether EPA makes a determination of nationwide scope and effect in acting on each plan. Here, EPA was confronted with "intricately intertwined" state implementation plans that, unlike previous regional haze plans, required the clarification of regulatory provisions which govern all state regional haze plans. Accordingly, EPA reasonably concluded that the rule is based on a determination of nationwide scope and effect.[3]

---

[3] Petitioners argue that in the federal implementation plans for Minnesota and Michigan taconite ore facilities, EPA "tellingly did not make a finding of nationwide scope or effect." Pet'rs' Opp'n at 16 (quotation marks omitted). In that case, however, EPA explicitly found that the federal implementation plan applied "only to" taconite plants in Michigan and Minnesota. 78 Fed. Reg. 8478, 8480 (supplemental proposed rule for Minnesota and Michigan taconite facilities). That rulemaking was not only geographically limited in scope, but also involved the

Relying on dicta from a Seventh Circuit case, Petitioners argue that "direct regulation in multiple states or circuits is relevant . . . only to whether the rule is 'nationally applicable.'" Pet'rs' Opp'n at 15 (citing *New York v. EPA*, 133 F.3d 987, 990 (7th Cir. 1998)). In *New York v. EPA*, the Seventh Circuit held that a final agency action exempting four Midwest states from certain Clean Air Act emission requirements was *nationally applicable*, since the "effects of the exemption may be felt" in other downwind regions. 133 F.3d at 990. In so holding, the Court noted that determining whether an EPA rule was nationally or regionally applicable "should depend on the location of the persons or enterprises that the action regulates rather than on where the effects of the action are felt." *Id*. The case did not involve a finding of nationwide scope or effect, so the court had no occasion to determine the contours of a proper determination. Contrary to Petitioners' argument, nothing in the case suggests that the fact that a rule implicates multiple states in multiple judicial circuits is *irrelevant* to a determination of nationwide scope or effect.[4]

---

application of an existing and "clearly" established interpretation relating to the meaning of "available" retrofit technology. 78 Fed. Reg. 59,825, 59,836 (Sept. 30, 2013). Here, by contrast, EPA made clear that its clarification of the Regional Haze Rule's interstate consultation requirements will apply to all state regional haze plans.

[4] Petitioners' argument is also contradicted by the Clean Air Act's legislative history, which makes clear that that in "any action . . . based on a determination of nationwide scope or effect (*including a determination which has scope or effect beyond a single judicial circuit*), . . .exclusive venue for review is in the U.S. Court of Appeals for the District of Columbia." H.R. Rep. No. 95-294, at 324 (emphasis added).

Petitioners further argue that a finding of nationwide scope and effect cannot be based on the fact that EPA's interpretation of a regulation is nationally applicable because "*[e]very* EPA action on an individual SIP necessarily involves interpretation and application of nationally applicable regulations." Pet'rs' Opp'n at 17 (emphasis in original). But not every SIP review raises novel legal issues that may implicate Clean Air Act planning processes throughout the country. Before reviewing the Texas and Oklahoma regional haze plans, EPA had not squarely addressed certain aspects of the Regional Haze Rule's interstate consultation requirements, specifically the need for upwind states to adopt reasonable measures to protect visibility in downwind states' Class I areas. Because haze pollution does not respect state borders, it was appropriate for EPA to clarify the consultation requirements of the Regional Haze Rule so that downwind states can ensure that upwind states adopt control measures sufficient to achieve reasonable progress in future state planning processes.

The D.C. Circuit's decision in *American Road & Transportation Builders Association v. EPA* does not undermine that conclusion. 705 F.3d 453 (D.C. Cir. 2013). The petitioners filed in the D.C. Circuit arguing that the rule could have nationwide implications because it could provide precedent for other states imposing the same controls. *Id.* at 456. The D.C. Circuit rejected that argument, concluding that under the Administrative Procedure Act's "deferential" standard of

8

review, EPA's decision not to make a nationwide scope and effect determination was reasonable. *Id*. The rule applied only to California construction equipment, and it was speculative to conclude other states might impose similar standards.

Here, by contrast, the final rule clarifies the consultation regulation that applies to all state regional haze plans, the next round of which are due in 2018. Accordingly, EPA found and published that the rule "is based on a determination of nationwide scope or effect." 81 Fed. Reg. at 346. Given the Court's deferential standard of review, EPA's determination that this interpretation will have nationwide scope and effect is reasonable. *See Am. Road & Transp. Builders Ass'n*, 705 F.3d at 456.

## III.   THIS COURT SHOULD NOT DECIDE THE STAY MOTIONS.

Finally, under the mistaken view that 28 U.S.C. § 2112 governs the petitions for review, Petitioners ask the Court to decide the pending motions to stay the final rule. But 28 U.S.C. § 2112 applies only when petitions for review of the same, or substantially related, agency action are *properly* filed in multiple circuits. The mere filing in multiple circuits of petitions seeking review of the same agency action is insufficient to trigger the mechanisms in 28 U.S.C. § 2112. *See Dayton Power & Light Co. v. EPA*, 520 F.2d 703, 708 (6th Cir. 1975) ("28 U.S.C. § 2112(a) has no application to this case. That section would control only if petitions

for review had been filed in more than one appropriate circuit. It follows that all six of these cases must be transferred to the District of Columbia Circuit . . .").[5]

Just as in *Dayton Power & Light*, there is not "more than one appropriate circuit" in which to file petitions for review of the Texas and Oklahoma haze rule. In issuing the final regional haze rule for Texas and Oklahoma, EPA explicitly found and published that the rule, while regionally applicable, was nationwide in scope and application. *See* 79 Fed. Reg. at 74,888; 81 Fed. Reg. at 349. The Clean Air Act authorizes filing petitions for review of the Rule *only* in the D.C. Circuit Court of Appeals, and "thus 28 U.S.C.§ 2112(a) has no application to this case." *Dayton Power & Light Co.*, 520 F.2d at 708.

The Clean Air Act authorizes only the D.C. Circuit Court of Appeals to decide petitions for review of the rule, including motions to stay the rule. This Court should dismiss or transfer these petitions without reaching the merits of the stay motions, as only the D.C. Circuit has authority to decide the stay motions.

## CONCLUSION

For the foregoing reasons, the Court should grant EPA's motion and dismiss or transfer these consolidated cases to the D.C. Circuit Court of Appeals.

---

[5] Even if 28 U.S.C. § 2112 applied, which it does not, "[t]he process contemplated by this procedure is that each court will dismiss any invalid petitions before it . . ." *City of Gallup v. FERC*, 702 F.2d 1116, 1121 (D.C. Cir. 1983). Here, all of the consolidated petitions are invalid and must be dismissed because they violate the Clean Air Act's requirement that they be filed only in the D.C. Circuit.

        *s/ Mary Whittle*
        Mary Whittle
        Earthjustice
        3904 Bonnell Drive
        Austin, TX 78731
        512.537.2791 (phone)
        mwhittle@earthjustice.org

        *Counsel for Sierra Club and National Parks Conservation Association*

# CERTIFICATE OF SERVICE

On this 28th day of April, 2016 a true and correct copy of the foregoing **Sierra Club And National Parks Conservation Association's Response in Support of EPA's Motion to Dismiss or Transfer** was filed with the electronic case filing (ECF) system of the U.S. Court of Appeals for the Fifth Circuit, which will provide electronic notice to counsel of record. In addition, a copy was sent via U.S. mail to the two addresses below.

*s/ Mary Whittle*
Mary Whittle


Ann M. Seha
Xcel Energy Services, Incorporated
5th Floor
414 Nicollet Mall
Minneapolis, MN 5540-11993

Brenda Mallory
Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
William Jefferson Clinton Building
Washington, DC 20460

## CERTIFICATIONS UNDER ECF FILING STANDARDS

Pursuant to paragraph A(6) of this Court's ECF Filing Standards, I hereby certify that (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

Dated:   April 28, 2016            *s/ Mary Whittle*
                                   Mary Whittle

## CERTIFICATE OF COMPLIANCE

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) & (6) and 5th Cir. R. 32.1 because this brief has been prepared in a proportionally spaced typeface using Microsoft Office 2010 in Times New Roman font 14-point type face, except that, as permitted by Fifth Circuit Rule 32.1, footnotes have prepared using 12-point font type face.

Dated:   April 28, 2016            *s/ Mary Whittle*
                                   Mary Whittle