# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS, et al., ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | No. 16-60118 |
| ) | |
| UNITED STATES ENVIRONMENTAL ) | |
| PROTECTION AGENCY and MICHAEL ) | |
| S. REGAN, in his official capacity as ) | |
| Administrator of the U.S. Environmental ) | |
| Protection Agency, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

**REPLY IN SUPPORT OF RESPONDENTS' MOTION FOR VOLUNTARY VACATUR**

In 2016, Petitioners sought vacatur of EPA's disapprovals of portions of the regional haze state implementation plans ("SIPs") submitted by Texas and Oklahoma, and the issuance of federal implementation plans ("FIPs") establishing a long-term strategy and reasonable progress goals for Texas, and reasonable progress goals for Oklahoma, 81 Fed. Reg. 296 (Jan. 5, 2016) (the "2016 Rule"). ECF No. 234. EPA now seeks the exact same remedy from this court, and yet Industry Petitioners[1] now oppose this same remedy they sought at the start of these

---

[1] Industry Petitioners include Petitioners Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, Big Brown Lignite Company LLC, Luminant Big Brown Mining Company LLC, Coleto

1

proceedings. However, this case should not and cannot proceed to merits briefing because EPA lost key record documents that cannot be replaced or replicated. Accordingly, and as State Petitioners agree[2], EPA's request for vacatur should be granted.

## ARGUMENT

Both State Petitioners and EPA agree that, given EPA's express acknowledgment that the Agency cannot defend the 2016 Rule on the merits, the SIP disapprovals and FIPs in the 2016 Rule should be vacated. But after expressly seeking vacatur at the beginning of these proceedings, Industry Petitioners now argue vacatur is inappropriate and should not be granted.

Industry Petitioners' response essentially boils down to this: even though EPA has confessed that the record is insufficient to defend the 2016 Rule, this confessed critical error does not count because it is not the error Industry Petitioners want a decision on. But this argument is neither legally sound nor a productive use of judicial and party resources.

As stated in EPA's declaration, EPA can no longer locate critical documents that contained the Agency's own analyses on specific electric generating units in

---

Creek Power, LLC, and NRG Texas Power LLC and Petitioner-Intervenors Texas Minding and Reclamation Association and Local Union 2337 of the International Brotherhood of Electrical Workers.
[2] State Petitioners include State of Texas, Texas Commission on Environmental Quality, and the Public Utility Commission of Texas.

Texas regarding the technical feasibility and associated costs of upgrading existing control equipment. Mot. for Vacatur, Attach. 1, ¶¶ 22-24. EPA also lost confidential business information that it had obtained from facilities. *Id.* ¶ 22. By EPA's own admission, this information was essential to support the Rule and cannot be restored or replicated. *Id.* Thus, the administrative record is now insufficient to defend the Rule and cannot be supplemented.[3]

This express admission defeats Industry Petitioners' chief arguments.[4] Vacatur is appropriate because EPA has confessed error: insufficiency of the record.[5] *See* Fed. R. App. P. 16(a); 42 U.S.C. § 7607. *In re Clean Water Act*

---

[3] Industry Petitioners mischaracterize a statement from EPA's response to comments to urge that the record could still be reviewed without the lost documents. ECF No. 453 at 3, 9. That is not so. In reality, the cited quotation is about portions of the Rule for which some, though not all, information is available in the public docket. But as EPA expressly states in the response to comments, confidential business information that was *not* in the public docket *did* support portions of the Rule that are in dispute. *See* EPA, *Response to Comments*, EPA-R06-OAR-2014-0754-0087, at 213, 348.

[4] Though State and Industry Petitioners suggest that EPA disingenuously cites its loss of documents as the basis for vacatur to avoid a merits opinion, this is not so. EPA does not move for vacatur lightly, and has sworn, under penalty of perjury, that it cannot defend or supplement the record following the loss of documents. *See* Mot. for Vacatur, Attach. 1 ¶ 22. Earlier in these proceedings, EPA opposed vacatur, including *after* the issuance of the Court's stay opinion; there is no ill intent in the Agency's confession of error. *See* ECF No. 255 at 14-16.

[5] EPA notes that review here is governed by the CAA, not the APA. 42 U.S.C. § 7607(d)(1)(B) (applying this subsection to "the promulgation or revision of an implementation plan by the Administrator"); 7607(d)(1) (providing that "section 706 of Title 5 shall not . . . apply to actions to which this subsection applies"); 81 Fed. Reg. at 349 ("this action is subject to the requirements of CAA section 307(d)

*Rulemaking*, 60 F.4th 583 (9th Cir. 2023), *Luminant Generation Co. v. EPA*, 675 F.3d 917 (5th Cir. 2012), and *Banner Health v. Sebelius*, 945 F. Supp. 2d 1 (D.D.C. 2013), *vacated in part on reconsideration*, 2013 WL 11241368 (D.D.C. July 30, 2013), are distinguishable because in those cases, the record *was* sufficient for judicial review. Here, it is not. Therefore, the Court cannot conduct effective judicial review of the disapprovals and FIPs in the Rule based on EPA's stated rationale. Such a review, moreover, would waste judicial and party resources. This conclusion is not EPA "avoid[ing] judicial review and an adverse ruling on the merits." ECF No. 453, at 2. Rather, EPA is confessing error when it has erred, and wishes to conduct a new rulemaking process to remedy the defect in a new action.

---

because it promulgates a FIP under CAA section 110(c)"). In response to Industry Petitioner's argument that the Court cannot vacate the Rule without a finding of substantive error, ECF No. 453 at 8, EPA reiterates that CAA section 307(d) provides detailed procedural requirements that EPA must follow. 42 U.S.C. § 7607(d). Thus, it is not novel for a court to vacate a CAA rule because of a procedural error. *See id.* § 7607(d)(9)(D) ("the court may reverse any such action found to be – without observance of procedure required by law . . ."); *Order*, *California v. EPA*, No. 21-1035 (D.C. Cir. Apr. 5, 2021) (granting EPA's motion for voluntary vacatur where EPA conceded the agency had failed to provide any public notice or opportunity for comment on central elements of the rule); *Order*, *Unopposed Motion to Vacate*, *Env. Defense Fund v. EPA*, No. 19-1222 (D.C. Cir. Apr. 5, 2021) (granting EPA's motion for voluntary vacatur on grounds that occurred during litigation, not during the rulemaking process).

The appropriate remedy here is thus vacatur without retaining jurisdiction.[6] Given the insufficiencies in the record and the inability to replicate the lost documents that supported the original action, EPA cannot supplement the record. Thus, unlike in *BNSF Ry. Co. v. Fed. R.R. Admin.*, 62 F.4th 905, 911 (5th Cir. 2023), EPA will need to complete an entirely new rule, based on an entirely new and complete administrative record. As part of this new rulemaking process, all parties will have the opportunity to comment on the proposed rule, which the agency will consider for its new action. If, at the end of that process, the parties have concerns with EPA's new rulemaking, they will have an opportunity to bring a petition for review on any new final agency action EPA takes.

## **CONCLUSION**

For the foregoing reasons, and those set forth in EPA's motion and supporting materials, EPA respectfully requests that the Court grant this motion

---

[6] Industry Petitioners point out that EPA is required by consent decree to propose action in the near future on Texas' regional haze SIP for the second planning period. ECF No. 453 at 11. But that forthcoming rulemaking will be governed by new regulations not at issue here. 82 Fed. Reg. 3078 (Jan. 10, 2017) (promulgating provisions at 40 C.F.R. 51.308(f) to govern second-planning-period SIPs). And, contrary to Industry Petitioners' assertion, the forthcoming proposed action will *not* address Texas' first-planning-period SIP. However, as EPA indicated in its sworn declaration, the agency relied on the same lost CBI to justify proposed determinations in the 2023 proposed rulemakings addressing Texas' first-planning-period SIP. Mot. for Vacatur, Attach. 1 at ¶ 19. EPA is in the process of determining the appropriate path forward with respect to those first-planning-period proposals.

and issue an order vacating: (1) EPA's disapprovals of portions of the regional haze state implementation plans ("SIPs") submitted by Texas and Oklahoma, and (2) the issuance of federal implementation plans ("FIPs") establishing a long-term strategy and reasonable progress goals for Texas, and reasonable progress goals for Oklahoma. 81 Fed. Reg. 296 (Jan. 5, 2016).

Dated: September 27, 2024

                                                      Respectfully submitted,

                                                      */s/ Rachel D. Martinez*
                                                      Sue Chen
                                                      Rachel D. Martinez
                                                      U.S. Department of Justice
                                                      Environment & Natural Resources Division
                                                      Environmental Defense Section
                                                      150 M St., N.E.
                                                      Washington, D.C. 20002
                                                      202.305.0283 (Chen)
                                                      202.616.5589 (Martinez)
                                                      Sue.Chen@usdoj.gov
                                                      Rachel.Martinez@usdoj.gov

# CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 27(D)(2)(A)

I hereby certify that this brief complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Times New Roman, a proportionally spaced font.

I further certify that this brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,360 words, excluding the caption and signature blocks, according to the count of Microsoft Word.

                                              */s/ Rachel D. Martinez*
                                              Rachel D. Martinez

# CERTIFICATE OF SERVICE

I certify that on September 27, 2024, I filed the foregoing with the Court's CMS/ECF system, which will notify each party.

                                                              */s/ Rachel D. Martinez*
                                                              Rachel D. Martinez